Lois G. Lerner
Acting General Counsel
Richard B. Bader
Associate General Counsel
Stephen E. Hershkowitz
Assistant General Counsel
Kevin A. Deeley
Attorney
FOR THE PLAINTIFF
FEDERAL ELECTION COMMISSION
999 E Street, N.W.
Washington, D.C. 20463
(202) 694-1650
(202) 219-0260 (facsimile)



## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SALVADOR GARCIA, JIM BLOCKEY, and BLOCKEY 2000, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL ELECTION COMMISSION, <br><br> Respondent. | CIV. No. CV-S-01-0531-RLH <br><br> ANSWER |

### DEFENDANT FEDERAL ELECTION COMMISSION'S ANSWER

Defendant Federal Election Commission ("FEC" or the "Commission"), through its undersigned counsel, responds as follows to the original complaint in this litigation:



I. The Commission answers the allegations of the complaint by responding to each paragraph therein as follows:

1. ADMIT that on April 2, 2001 the Commission made a final determination that Blockey 2000 and Salvador Garcia, as treasurer, violated 2 U.S.C. 434(a). DENY that plaintiff Jim Blockey was a respondent in the administrative proceeding before the Commission. The Commission DENIES that a final determination was made against Jim Blockey.

2. Paragraph 2 contains plaintiffs' conclusions of law, as to which no response is required.

3. The Commission is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 except to DENY that "petitioners were unable to present evidence disputing this alleged violation of 2 U.S.C. section 434(a)." The Commission ADMITS that Blockey 2000 and Salvador Garcia, as treasurer, did not actively participate in any of the administrative proceedings related to this matter before the Commission, and in particular did not file a challenge of the Commission's findings within forty days of the Commission's December 5, 2000 finding of reason to believe they violated 2 U.S.C. 434(a) by failing to file a report with the Commission.

The Commission ADMITS that the Commission gave written notice to Blockey 2000 and Salvador Garcia, as treasurer, of the Commission's reason to believe finding by sending a certified mailgram dated December 7, 2000 to the address of record for Blockey 2000 and its treasurer -- 7101 Smoke Ranch Rd. #1142, Las Vegas NV 89128 -- the address listed on Blockey 2000's Statement of Organization on file with the Commission. The Commission also ADMITS that its December 7, 2000 certified mailgram was returned unclaimed on January 12, 2001

2

because the U.S. Postal Service was unable to obtain a signature when it attempted delivery of the certified mailgram. Further, the Commission ADMITS that on January 12, 2001, the Commission again provided written notice of the Commission's reason to believe finding by sending two letters via first class mail to Salvador Garcia and Blockey 2000, one to the same address and one to 7101 Smoke Ranch Road, #1142, Las Vegas, NV 89103, the address Blockey 2000 had listed on its year-end disclosure report filed with the Commission on January 9, 2001. The U.S. Postal Service did not return either of those letters to the Commission. The Commission notes that after Salvador Garcia and Blockey 2000's time for challenging the reason to believe finding had passed, the Commission sent notice of its final determination on April 4, 2001 to Blockey 2000's address of record – 7101 Smoke Ranch Rd #1142, Las Vegas NV 89128 – and plaintiffs admit receiving that correspondence.

4. The Commission is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4 except to DENY that "[p]etitioners had been late on filing reports in the past and the FEC always gave extensions without incident." The Commission ADMITS that Blockey 2000's October Quarterly Report, which was due on October 15, 2000, was not filed until January 9, 2001.

The Commission also notes that the Treasury and General Government Appropriations Act, 2000 Pub. L. No. 106-58, which added the administrative fines provisions in 2 U.S.C. 437g(a)(4)(C), was signed into law on September 29, 1999, and only applies to violations occurring between January 1, 2000 and December 1, 2001.

5. The Commission is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5.

3

II.     The Commission DENIES all allegations of fact not previously admitted or denied, and pleads the following affirmative defenses:

### Affirmative Defenses

1.      Plaintiffs fail to state any claims upon which relief may be granted. Plaintiffs admit that they filed their report late and have not identified any defense for their violation of 2 U.S.C. 434(a) that they would have presented if they had filed a timely objection to the Commission's reason to believe findings.

2.      Jim Blockey lacks standing to bring this suit. Blockey 2000 may not appear except through counsel.

3.      Plaintiffs have failed to properly effect service upon the United States pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Lois G. Lerner
Acting General Counsel

Richard B. Bader
Associate General Counsel

Stephen E. Hershkowitz
Assistant General Counsel

Kevin A. Deeley
Attorney

July 6, 2001

FOR THE DEFENDANT
FEDERAL ELECTION COMMISSION

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA
LAS VEGAS DIVISION

| | |
|---|---|
| SALVADOR GARCIA, JIM BLOCKEY, and BLOCKEY 2000, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL ELECTION COMMISSION, <br><br> Respondent. | CIV. No. CV-S-01-0531-RLH <br><br> CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2001, I caused to be served by first class mail copies of the Defendant Federal Election Commission's Answer to Plaintiffs' Complaint on the following:

Salvador Garcia, Jim Blockey and Blockey 2000
6372 Agua Drive
Las Vegas, Nevada 89103

Respectfully submitted,

Kevin A. Deeley
Attorney

July 6, 2001

FOR THE DEFENDANT
FEDERAL ELECTION COMMISSION
999 E Street, N.W.
Washington, D.C. 20463
(202) 694-1650